ZORA REALTY COMPANY, Respondent, *v.* METROPOLE FOOD CORPORATION, Appellant.

First Department, December 22, 1944.

*Jacob J. Alexander* for appellant.

*Irving L. Kalish* of counsel (*Edward E. Reichman* with him on the brief; *Carb, Reichman & Luria,* attorneys), for respondent.

TOWNLEY, J. This action was brought under a written lease. The complaint alleges that on August 16, 1933, the plaintiff landlord made a lease with Morris Brodkin and Samuel Klaye for a term of fifteen years terminating November 1, 1948, for a store and a portion of a basement at 721 Seventh Avenue, New York City. The lease was assigned to the defendant which assumed all the terms, covenants and conditions thereof. It is alleged that, according to paragraph third of the lease, the tenant agreed to pay the landlord 20% of all profit derived from the sale of its business and the assignment of the lease but failed to do so although on the sale of the business the tenant realized a profit of $38,618.21. The defendant pleaded a general denial.

The case was tried by the court without a jury. The issue was the correct construction to be put upon the said paragraph third, which reads in part as follows: " As a condition of any assignment or subletting in connection with the sale of said business the tenants shall pay to the landlord twenty per cent of all profit derived from such assignment or subletting and sale of said business. The tenants shall furnish the landlord with a sworn statement, certified by a certified accountant, of the items from which such profit is computed, and the landlord shall have access to the books, records and papers of the tenants in relation thereto. The basis of such profit shall be the actual cost to the tenants. Any additional rent realized by reason of subletting shall be deemed an item of such profit. If a part of the sale price shall be in promissory notes, the payment to the landlord may be wholly or partly in such promissory notes. Upon making of such assignment of this lease the sale of said business by the Corporation and the payment of said sum to the landlord, the individual tenants herein named shall be discharged from further liability under this lease, provided all of the terms and conditions hereof shall have been duly performed by the tenants.''

An examination before trial was read into the record and disclosed that the cost of the installation of fixtures by the tenant amounted to $61,703.17. It then developed that books of account had been kept which set up a charge for depreciation of the fixtures and equipment each year of approximately 10%. The depreciation for the ten years amounted to $55,167.94. There was, therefore, a book value at the time of sale of $6,535.23. The total profit reflected upon the sale of the business was $36,464.77. The business was actually sold for $45,000 to a third party. There is no dispute concerning the amount of depreciation as carried on the books.

The question for decision is how the " profit " to the tenant should be figured: i.e., does " actual cost " mean original cost or original cost less depreciation as carried on the books. If the original cost to the tenant is taken as a guide, then it is manifest that a net loss was suffered of the difference between $61,703.17 and $45,000, the selling price, which amounts to $16,703.17.

The trial court, when deciding that the bookkeeping entries govern, said: " The parties could have provided that the amount payable to the landlord should be a percentage of the difference between actual cost and actual selling price.

" Instead, they provided that the percentage payable to the landlord should be a percentage of the ' profit ' derived from the sale and that ' the basis of such profit shall be the actual cost '.

" The use of the word ' profit ' contemplates the application of standard accounting practices which would include the application of the principle of depreciation.

" Defendant itself adopted this logical interpretation, for on its own books it determined the profit on the sale by reference to the actual cost, less depreciation.

" No logical interpretation of the language of the lease would permit a different basis for determining ' profit ' as between the tenant and the landlord."

We are of the opinion that the court's interpretation of the paragraph has the effect of adding to the words " the basis of such profit shall be the actual cost to the tenants ", the phrase " less depreciation ", which expression in fact does not appear in the agreement. The " actual cost " means the price paid and all charges which attended the purchase. (*Goodwin* v. *United States,* Fed. Cas. No. 5,554, p. 627.) It strains the meaning of the words " actual cost " to say that depreciation should be taken into consideration.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., GLENNON, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs. Settle order on notice.